UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-1203-G |
| MICHAELS STORES, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants Michaels Stores, Inc., and Michaels Stores Procurement Co., Inc. (collectively, "Michaels") for partial dismissal (docket entry 6). For the reasons stated below, the motion is denied.

I. BACKGROUND

From June 2006 through March 2010, Michaels imported and sold approximately 203,000 twenty- inch glass vases through its retail stores and website. Complaint for Civil Penalties and Permanent Injunctive Relief ("Complaint") ¶¶ 1, 13, 14, 16 (docket entry 1). The glass walls of these vases proved "too thin to withstand normal handling" and thus the vases could "break or shatter in consumers' hands, causing lacerations . . . severed tendons and nerve damage, that required

stitches and surgery." *Id.* ¶ 1.  Injuries to consumers were documented as a result of the handling of these vases either in Michaels stores or in consumers' homes.  *See, e.g.*, *id.* ¶ 22(a-i).  For example, on or about October 19, 2007, a consumer notified Michaels of injuries she sustained when a vase shattered in her hand, resulting in tendon and nerve damage and permanent impairment of her left thumb.  *Id.* ¶ 22(a).  In resulting litigation, an expert report ("the expert report") concluded that "the vase was 'unreasonably dangerous for its normal use' and that the thinnest portions of the vase's glass were comparable in thickness to a light bulb."  *Id.*

On April 21, 2015, the United States of America ("the government") filed the instant case and alleged that Michaels knowingly failed to timely report information to the United States Consumer Product Safety Commission ("the Commission") that the vases contained a defect that could create a substantial product hazard and an unreasonable risk of serious injury to the public.  *Id.* ¶¶ 1, 2(a-b).  The government seeks civil penalties and injunctive relief under the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051, *et seq.*  Michaels asserts that the government's claims for civil penalties and the concomitant claim for injunctive relief should be dismissed because they are time-barred.  Defendants' Memorandum in Support of Their Motion for Partial Dismissal of the United States' Complaint for Civil Penalties and Permanent Injunctive Relief ("Motion") at 1 (docket entry 7).

## II.  ANALYSIS

### A.  Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983).  Granting such a motion "is a 'precarious disposition with a high mortality rate.'"  *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

B. <u>Consumer Product Safety Act</u>

Under the CPSA , "[e]very manufacturer of a consumer product, or other product or substance over which the Commission has jurisdiction . . . distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product . . . contains a defect which could create a substantial product hazard . . . shall immediately inform the Commission . . . of such defect, . . . unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect . . . .." 15 U.S.C. § 2064(b). Under the statute, Michaels was both a manufacturer and a retailer. Complaint ¶¶ 15, 17. A "substantial product hazard" is "a product defect which (because of the pattern of defect, the number of defective products distributed in commerce, the severity of the risk, or otherwise) creates a substantial risk of injury to the public." 15 U.S.C. § 2064(a)(2). The Commission is adequately informed of such defect or risk when "the Commission staff has received the information requested under [the CPSA]" or the Commission staff "has informed the subject firm that the staff is adequately informed." 16 C.F.R. § 1115.3(a).

The government asserts that Michaels' violations of the Commission's reporting requirements began in September 2008 and continued until at least February 2012. Complaint ¶ 30. Specifically, the government contends that Michaels received the expert report as early as September 2008 but did not provide

notice of the vases' defect to the Commission until February 22, 2010.  *Id.* ¶¶ 1, 22(a).  Furthermore, the government maintains that Michaels did not have "actual knowledge" until February 2012 that the Commission had been "adequately informed" when "Michaels finally disclosed to the [Commission] that it was the importer of the vases. . . " in response to an inquiry by the Commission.  *Id.* ¶ 29.

Generally, under the CPSA ". . . an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued . . .."  28 U.S.C. § 2462.  However, where a statute defines conduct in a way that clearly indicates the violations are continuing, the statute of limitations does not run until the violations cease.  See *Newell Recycling Company, Inc. v. United States Environmental Protection Agency*, 231 F.3d 204, 206 (5th Cir. 2000), *cert. denied*, 534 U.S. 813 (2001).

Michaels asserts that since the complaint alleges the first violation of the CPSA occurred on or about September 2008, the action accrued no later than that date and since this lawsuit was not filed until April 21, 2015, the five-year period has expired, and thus any attempt to seek a civil penalty is time-barred.  Motion at 1. Michaels further argues that the reporting violation is not "continuing."  *Id.* at 2. Conversely, the government contends that "both the explicit language of the CPSA as well as the nature of the violation make clear that Congress intended the reporting violation to

be a continuing one." *See* Memorandum of Law in Opposition to Defendants' Motion for Partial Dismissal of the United States' Complaint for Civil Penalties and Permanent Injunctive Relief at 9 (docket entry 9-1). Upon learning about a potential product hazard, of the vase, Michaels immediately must inform the Commission "*unless* [it] has actual knowledge that the Commission has been adequately informed of such defect . . . or such risk." 15 U.S.C. § 2064(b) (emphasis added). In viewing the evidence in the light most favorable to the non-movant, the court finds that the violations first began when Michaels obtained the information regarding the vases' defect in the expert report and continued until Michaels obtained actual knowledge that the Commission was adequately informed of the defect or risk of injury. Thus, Michaels' motion to dismiss the government's claim for civil penalties as time-barred is denied.

Michaels further contends that the concurrent remedy doctrine bars the government's claim for injunctive relief, a claim dependent on its claim for civil penalties. Motion at 13. Because this suit is brought by the United States in its governmental capacity, its request for injunctive relief is not subject to the concurrent remedy doctrine. See *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997) ("[T]he concurrent remedy rule cannot properly be invoked against the government when it seeks equitable relief in its official enforcement capacity."). Even if it were assumed *arguendo* that this action is subject to the concurrent remedy doctrine, the

concurrent claim for civil penalties is not barred by the statute of limitations. Therefore, the motion to dismiss the claim for injunctive relief is also denied.

### III.  CONCLUSION

For the reasons stated above, Michaels' partial motion to dismiss for civil penalties and permanent injunctive relief is **DENIED**.

**SO ORDERED**.

March 21, 2016.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**