UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-1203-G |
| MICHAELS STORES, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants Michaels Stores, Inc. and Michaels Stores Procurement Co., Inc. (collectively, "Michaels") for certification of an order for interlocutory appeal (docket entry 22). For the reasons stated below, the motion is denied.

I. BACKGROUND

From June 2006 through March 2010, Michaels imported and sold approximately 203,000 twenty- inch glass vases through its retail stores and website. Complaint for Civil Penalties and Permanent Injunctive Relief ("Complaint") ¶¶ 1, 13, 14, 16 (docket entry 1). The glass walls of these vases proved "too thin to

withstand normal handling" and thus the vases could "break or shatter in consumers' hands, causing lacerations . . . severed tendons and nerve damage, that required stitches and surgery." *Id.* ¶ 1. Injuries to consumers were documented as a result of the handling of these vases either in Michaels stores or in consumers' homes. *See, e.g., id.* ¶ 22(a-i). For example, on or about October 19, 2007, a consumer notified Michaels of injuries she sustained when a vase shattered in her hand, resulting in tendon and nerve damage and permanent impairment of her left thumb. *Id.* ¶ 22(a). In resulting litigation, an expert report ("the expert report") concluded that "the vase was 'unreasonably dangerous for its normal use' and that the thinnest portions of the vase's glass were comparable in thickness to a light bulb." *Id.*

On April 21, 2015, the United States of America ("the government") filed the instant suit and alleged that Michaels knowingly failed to timely report information to the United States Consumer Product Safety Commission ("the Commission") that the vases contained a defect that could create a substantial product hazard and an unreasonable risk of serious injury to the public. *Id.* ¶¶ 1, 2(a-b). The government seeks civil penalties and injunctive relief under the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051, *et seq*.

Michaels filed a motion for partial dismissal of the government's complaint (docket entry 6). On March 21, 2016, the court denied Michaels' motion for partial dismissal of the government's complaint. See *United States v. Michaels Stores, Inc.*, No.

3:15-CV-1203-G, 2016 WL 1090666, at *3 (N.D. Tex. Mar. 21, 2016) (Fish, J.). On April 7, 2016, Michaels filed the instant motion for certification of an order for interlocutory appeal (docket entry 22). The government filed a timely response (docket entry 23), to which Michaels served a timely reply (docket entry 26). The motion is now ripe for consideration.

## II.  ANALYSIS

28 U.S.C. § 1292(b) allows a court to certify an interlocutory appeal when (1) there is a controlling question of law, (2) there is substantial ground for difference of opinion about the question of law, and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Swint v. Chambers County Commission*, 514 U.S. 35, 46 (1995). Section 1292(b) only provides for interlocutory appeals in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). District courts have "unfettered discretion to deny certification even when all three [statutory criteria] are satisfied." *Commil USA, LLC v. Cisco Systems, Inc.*, No. 2:07-CV-341, 2011 WL 738871, at *4 (E.D. Tex. Feb 23, 2011) (internal citation omitted), *judgment vacated on other grounds by Commil USA, LLC v. Cisco Systems, Inc.*, ___ U.S. ___, 135 S. Ct. 1920 (2015). The court concludes that the statutory criteria for interlocutory certification are not met here. In particular, the court is not persuaded that there is substantial ground for difference of opinion about the relevant question of law.

"[C]ourts have found substantial ground for difference of opinion where a trial court rules in a manner which appears contrary to rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corporation*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (Boyle, J.) (internal quotation and citation omitted); *Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, Civ. A. No. G-14-249, 2015 WL 851920, at *2 (S. D. Tex. Feb. 26, 2015), *appeal dismissed as moot*, __ Fed. Appx. __ (5th Cir. Sept. 21, 2015). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Ryan*, 444 F. Supp. 2d at 724; see also *Ministry of Oil*, 2015 WL 851920 at *2. Indeed, the Fifth Circuit has recognized that § 1292(b) review is appropriate "where the law is unsettled." *Martin v. Halliburton*, 618 F.3d 476, 488 (5th Cir. 2010).

Michaels contends that there are substantial grounds for difference of opinion at issue here because two Supreme Court opinions unsettled the law governing judicially-created exceptions to 15 U.S.C. § 2462. Defendants' Motion for Certification of Order for Interlocutory Appeal ("Motion") 7-8 (docket entry 22) (citing *Gabelli v. Securities and Exchange Commission*, __ U.S. __, 133 S. Ct. 1216, 1224

(2013), and *Heimeshoff v. Hartford Life & Accident Insurance Co.*, __ U.S. __, 134 S. Ct. 604, 610 (2013)). In its memorandum opinion and order, this court concluded that the standard federal five year statute of limitations does not bar the government's claims because Michaels continually violated the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2064(b), by failing to report the vases' defect to the Commission until February 22, 2010. *Michaels Stores, Inc.*, 2016 WL 1090666, at *2 ("However, where a statute defines conduct in a way that clearly indicates the violations are continuing, the statute of limitations does not run until the violations cease. See *Newell Recycling Company, Inc. v. United States Environmental Protection Agency*, 231 F.3d 204, 206 (5th Cir. 2000), *cert. denied*, 534 U.S. 813 (2001)").

Michaels asserts that the decisions in *Gabelli*, 133 S. Ct. 1216, *Heimeshoff*, 134 S. Ct. at 610, and *Sierra Club v. Oklahoma Gas & Electrical Company*, 816 F.3d 666 (10th Cir. 2016), create substantial grounds for difference of opinion because many courts have rejected the continuing violations doctrine in actions governed by § 2462. Motion at 7-8. Michaels' assertion exaggerates the impact of the conclusions those courts reached. In *Gabelli*, 133 S. Ct. at 1224, and *Heimeshoff*, 134 S. Ct. at 610, the Supreme Court determined when a cause of action accrued. In *Sierra Club*, 816 F.3d at 674, the Tenth Circuit concluded that "a claim accrues 'when the plaintiff can file suit and obtain relief" (quoting *Heimeshoff*, 134 S. Ct. at 610). The Tenth Circuit reached its conclusion by citing the continuing violation doctrine -- which is based on

the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware of the underlying violation. *Sierra Club*, 816 F.3d at 674. The Tenth Circuit concluded that "nothing prevented Sierra Club from discovering, within five years, that it had an actionable claim as soon as [the defendant] began construction." *Id.* Michaels has not asserted in this case that a reasonable person would have been aware of the underlying § 2064 violation. Further, the Tenth Circuit in *Sierra Club*, 816 F.3d at 763, analyzed whether a violation of a Clean Air Act provision constituted a continuing violation or reaccrual of a claim, not whether a violation of the CPSA amounted to a continuing violation. Therefore, Michaels has not proven that the conclusion reached in *Sierra Club*, 816 F.3d at 674, is directly contrary to this court's ruling, *Michaels Stores, Inc.*, 2016 WL 1090666, at *2.

Section 2462 permits courts to toll the statute of limitations for continuing violations based on a textual reading of the underlying statute. *Interamericas Investments, Ltd. v. Board of Governors of the Federal Reserve Systems*, 111 F.3d 376, 382 (5th Cir. 1997); *Toussie v. United States*, 397 U.S. 112, 115 (1970). The only two courts that have determined whether a violation of § 2064 of the CPSA allows a tolling of the statute of limitations have concluded that a failure to report a violation of the CPSA can constitute a continuing violation. See *United States v. Advance Machine Company*, 547 F. Supp. 1085, 1090-91 (D. Minn. 1982); *Michaels Stores, Inc.*,

2016 WL 1090666, at *2.  Michaels has not cited any cases that have specifically concluded otherwise.  See *Kelly v. Healthcare Services*, No. 2:13-CV-00441-JRG, 2014 WL 3612681, at *6 (E.D. Tex. July 22, 2014) (no substantial ground for difference of opinion where party could not identify single case that contradicted court's ruling).  This courts' conclusion is not directly contrary to any specific case, let alone contrary to "all Courts of Appeals which have reached the issue." *Ryan*, 444 F. Supp. 2d at 723-24.  While Michaels has cited some persuasive authority that may indicate a contrary decision on this issue in some future hypothetical case, Michaels has failed to prove that there is a substantial ground for difference of opinion over when the statute of limitations begins under § 2462 for a continuing violation of § 2064.  Therefore, in its discretion, this court concludes that Michaels has failed to meet the significant burden necessary to obtain a certification order for an interlocutory appeal.

## III.  CONCLUSION

For the reasons stated above, Michaels' motion for certification of order for interlocutory appeal (docket entry 22) is **DENIED**.

**SO ORDERED**.

May 31, 2016.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

- 7 -